THE HONORABLE ROBERT J. BRYAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GMAC, LLC,

                    Plaintiff,

vs.

HIATT PONTIAC GMC TRUCKS, INC., a
Delaware corporation, STEPHEN A. HIATT,
individually, and the marital community
composed of STEPHEN A. HIATT and JANE
DOE HIATT; STEVEN M. HIATT and JANE DOE
HIATT, husband and wife, and THEA HIATT,
individually and the marital community
composed of THEA HIATT and JOHN DOE
HIATT,

                    Defendants.

NO. CO8-5707 RJB

DECLARATION OF STEPHANIE
BLOOMFIELD IN SUPPORT OF MOTION TO
COMPEL AND CONTINUE SUMMARY
JUDGMENT MOTION RESPONSE

NOTING DATE:  November 20, 2009

I, Stephanie Bloomfield declare under penalty of perjury under the laws of the

state of Washington as follows:

        1.      I am the lead counsel for Defendants on this matter and I am competent to

testify and make this declaration based upon personal knowledge.

        2.      On May 27, 2009, I caused discovery to be served on GMAC's local counsel

in this matter Brian Born.  A copy of the Hiatt Pontiac Discovery requests and the LMI

declaration of service are attached hereto as **Exhibit 1.**

BLOOMFIELD DECL. - 1 of 4
(CO8-5707 RJB )
[1454031 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

3.    On July 31, 2009, I returned from a deposition in Port Angeles to discover that my son was so ill he could not stand without assistance.  He was admitted to the hospital that night and he was diagnosed with Guillain-Barré Syndrome, gradually rendered quadriplegic (thankfully only temporarily) and was eventually released from the hospital on September 23, 2009.  Due to his extreme pain and the seriousness of his condition I stayed at the hospital nearly all of August, spending only a few nights at home. I was not able to work most of August and was not able to look at the discovery responses provided by GMAC until the first week of September 2009.

4.    Upon my return and review of the discovery issues in this case, I immediately began working on producing additional information GMAC had requested from Hiatt in discovery.  I also wrote to counsel for GMAC to address what I believed to be fairly serious deficiencies in GMAC's responses.  My e-mail on these issues is attached hereto as **Exhibit 2** and GMAC's responses to Hiatt Pontiac's discovery are attached hereto as **Exhibit 3.**

5.    In addition, I issued a subpoena to General Motors seeking documents from it relating to its communications with GMAC regarding Hiatt Pontiac.  **Exhibit 4.** Despite giving GM the 30 days requested to respond and completing a confidentiality agreement it demanded, to date it has not produced responsive information.  Copies of GM's response and the executed confidentiality agreement are attached hereto as **Exhibit 5.** Attached as **Exhibit 6** is a letter sent via facsimile to GM again demanding the responsive information.

6.    The stonewalling of GMAC and GM in providing information in response to Hiatt Pontiac's proper requests has severely hampered my ability to respond to GMAC's

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

pending motion for summary judgment.  The critical issue in this case is that GMAC itself

acted in bad faith and in breach of the Wholesale Security Agreement by coming in and

even though Hiatt Pontiac had not missed a payment to GMAC, it deliberately took action

intended to put Hiatt Pontiac out of business saving its affiliate GM from having to pay

either the $1 million or later $200,000 it had offered for the dealership.  This evidence

relates directly to GMAC's affirmative partial summary judgment for breach of the WSA,

and its summary judgment on Hiatt Pontiac's counterclaims.

7.      GMAC has failed to produce any communications internally or with GM

relating to Hiatt Pontiac from February - August 2008.  There was an earlier audit of Hiatt

Pontiac in April 2008, but no documents relating to that audit were produced by GMAC.

Every year GMAC performed an administrative review of Hiatt Pontiac beginning in the

July/August time frame.  No documents relating to this review were produced for 2008,

although GMAC produced the 2007 review.

8.      On Friday October 30, 2009 I had a discovery teleconference with Mark

Wraight, one of GMAC's attorneys.  In that discussion we were able to resolve some

issues, but GMAC still refuses to produce all responsive documents relating to its

communications with GM and internally within GMAC relating to Hiatt Pontiac.  Attached

as **Exhibit 7** is a copy of an e-mail sent to Mr. Wraight to summarize the outstanding

issues and alert him to this motion and the prompt need for this information.

9.      Due to the timing of these issues I would ask the court to waive the normal

deadlines imposed by the rules and the court's order relating to discovery motions in

accord with CR 7(d)(2)(A).  I would also ask that Hiatt Pontiac be permitted at least 10

court days to review the materials and prepare its response to GMAC's pending motion for

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500 -  FACSIMILE (253) 620-6565

summary judgment. Trial is set for January 25, 2010 and mediation is being scheduled for December 10, 2009. Defendants' response to GMAC's motion for partial summary judgment is currently due on November 16, 2009. Thus, should GMAC and GM provide the documents by November 30th , Defendants would be able to file their response to GMAC's motion on December 11, 2009.

Dated this **3rd** day of November, 2009 at Tacoma, Washington.



Stephanie Bloomfield

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# EXHIBIT 1

| ABC-LEGAL MESSENGERS INC. | SEATTLE 601 THIRD AVE. SEATTLE, WA 98104 PH(S): ABC 682-1675 LMI 623-8771 1-800-736-7295 FAX: 206-625-9247 | TACOMA 943 TACOMA AVE. SO. TACOMA, WA 98402 PH(S): ABC 272-3278 LMI 383-1791 1-800-736-7250 FAX: 253-272-9359 | BELLEVUE 126 107TH N.E. BELLEVUE, WA 98004 PH: 455-0102 FAX: 206-455-3153 | EVERETT 2927 ROCKEFELLER EVERETT, WA 98201 PH: 258-4591 1-800-869-7785 FAX: 206-252-9322 | OLYMPIA 119 WEST LEGION WAY OLYMPIA, WA 98501 PH(S): 754-6585 1-800-828-0199 FAX: 206-357-3302 |
|---|---|---|---|---|---|

| MESSENGER SERVICE LAST DAY & TIME | FIRM NAME: | ADDRESS: | ATTY | SEC | PHONE: |
|---|---|---|---|---|---|
| 5/27/09 | GORDON THOMAS HONEYWELL LLP | 1201 Pacific Avenue, Ste 2100 P. O. Box 1157, Tacoma 98401 | GAM | Gina M. | (253) 620-6498 |

**CASE NAME:** GMAC v. Hiatt

| BILLING NO: 24993-00004 | CAUSE NO: C08-57078 RJB | DATE: May 26, 2009 |
|---|---|---|

**DOCUMENTS:**                                                                ABC CLIENT #12410

GMC Discovery to GMAC; SMH Discovery to GMAC; SAH Discovery to GMAC

| | SIGNATURE REQUIRED | COPY RECEIVED ABC SLIP ONLY | X | RETURN COPY | DO NOT FILE RETURN ORIGINAL |
|---|---|---|---|---|---|

(1)  Brian M. Born
     Turnbull & Born
     950 Pacific Avenue, Suite 1050
     Tacoma, WA 98402-4435

(2)

RECEIVED

MAY 2 7 2009

TURNBULL & BORN, PLLC

(3)                                                          (4)

MAY 26 P.M.

**SPECIAL INSTRUCTIONS ONLY:**

Please deliver and return conformed copies to me

| COUNTY | SUPERIOR COURT | DISTRICT COURT (INDICATE DISTRICT) | AUDITOR | APPEALS COURT | | FEDERAL COURT | | SEA | TAC | STATE SUPREME COURT |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | I-(SEA) | II-(TAC) | CIVIL | BANKRUPTCY | | | |
| | | | | | | | | | | |

Examine this messenger slip carefully.  ABC Messengers will assume no liability for errors which occur as a result of sloppily
or improperly filled out messenger slips . . . including filings not marked in the proper and designated filing boxes, etc.

[LMI.doc]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

RECEIVED

MAY 27 2009

BORN, PLLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GMAC, LLC,

               Plaintiff,

    v.

HIATT PONTIAC GMC TRUCK, INC., a Delaware
corporation, STEPHEN A. HIATT, individually,
and the marital community composed of
STEPHEN A. HIATT and JANE DOE HIATT,
husband and wife; STEPHEN M. HIATT,
individually, and the marital community
composed of STEVEN M HIATT and JANE DOE
HIATT, husband and wife, and THEA HIATT,
individually, and the marital community
composed of THEA HIATT and JOHN DOE
HIATT, husband and wife,

               Defendants.

No. C08-5707 RJB

DEFENDANT/COUNTERCLAIMANT
STEPHEN A. HIATT'S FIRST
INTERROGATORIES AND REQUESTS FOR
PRODUCTION TO GMAC

TO:        **GMAC, LLC**
AND TO:   **Brian M. Born and Mark I. Wraight, ITS ATTORNEYS**

      Pursuant to Rules 33 and 34, of the Federal Rules of Civil Procedure,

defendant/counterclaimant Stephen A. Hiatt request that GMAC answer, under oath, and

in accordance with Rules 33 and 34 of the Civil Rules for Superior Court, the following

interrogatories and produce the documents requested in the Request to Produce set

Steven A. Hiatt's First Discovery to GMAC - 1 of 8
1430967

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1

2                                    ˉˉˉˉEIVED

3                               MAY 2 7 2009

4                               ˉ  ˉ ˉ BORN, PLLC

5

6                        UNITED STATES DISTRICT COURT

7                    WESTERN DISTRICT OF WASHINGTON
                                  AT TACOMA
8
    GMAC, LLC,
9
                    Plaintiff,              No.  C08-5707 RJB
10
11  v.

12  HIATT PONTIAC GMC TRUCK, INC., a Delaware    DEFENDANT/COUNTERCLAIMANT HIATT
    corporation, STEPHEN A. HIATT, individually,  PONTIAC GMC'S FIRST INTERROGATORIES
13  and the marital community composed of          AND REQUESTS FOR PRODUCTION TO
    STEPHEN A. HIATT and JANE DOE HIATT,          GMAC
14  husband and wife; STEPHEN M. HIATT,
    individually, and the marital community
15  composed of STEVEN M HIATT and JANE DOE
    HIATT, husband and wife, and THEA HIATT,
16  individually, and the marital community
    composed of THEA HIATT and JOHN DOE
17  HIATT, husband and wife,

18
                    Defendants.
19

20  TO:        GMAC, LLC
    AND TO:    Brian M. Born and Mark I. Wraight, ITS ATTORNEYS
21
22          Pursuant to Rules 33 and 34, of the Federal Rules of Civil Procedure,

23  Defendant/Counterclaimant Hiatt Pontiac GMC's request that GMAC answer, under oath,

24  and in accordance with Rules 33 and 34 of the Civil Rules for Superior Court, the

25  following interrogatories and produce the documents requested in the Request to

26

Hiatt Pontiac GMC's First Discovery to GMAC - 1 of 19
1430088

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1167
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

~~CEIVED

MAY 2 7 2009

....... & BORN, PLLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GMAC, LLC,

Plaintiff,

v.

HIATT PONTIAC GMC TRUCK, INC., a Delaware corporation, STEPHEN A. HIATT, individually, and the marital community composed of STEPHEN A. HIATT and JANE DOE HIATT, husband and wife; STEPHEN M. HIATT, individually, and the marital community composed of STEVEN M HIATT and JANE DOE HIATT, husband and wife, and THEA HIATT, individually, and the marital community composed of THEA HIATT and JOHN DOE HIATT, husband and wife,

Defendants.

No. C08-5707 RJB

DEFENDANT/COUNTERCLAIMANT STEVEN M. HIATT'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO GMAC

TO:         GMAC, LLC
AND TO:    Brian M. Born and Mark I. Wraight, ITS ATTORNEYS

Pursuant to Rules 33 and 34, of the Federal Rules of Civil Procedure, defendant counterclaimant Steven M. Hiatt requests that GMAC answer, under oath, and in accordance with Rules 33 and 34 of the Civil Rules for Superior Court, the following interrogatories and produce the documents requested in the Request to Produce set

Steven M. Hiatt's First Discovery to GMAC - 1 of 6
1430968

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

# EXHIBIT 2

## Bloomfield, Stephanie L.

| | |
|---|---|
| **From:** | Bloomfield, Stephanie L. |
| **Sent:** | Tuesday, September 08, 2009 1:42 PM |
| **To:** | 'Mark I. Wraight' |
| **Subject:** | Discovery Issues |
| **Attachments:** | SFX153A.pdf |

Dear Mark:

I am writing in follow up to your letter regarding Hiatt Pontiac's discovery responses, and to follow up on Hiatt Pontiac and Stephen M. Hiatt's discovery to GMAC.   I apologize for the delay in this response, I was out on emergency leave for three weeks due to my son's hospitalization and have only recently returned to work.  If this negatively impacts our ability to complete discovery or follow up, I remain willing to cooperate on these issues.

<u>Columbia Bank Statements</u> - these were provided by Columbia Bank.

<u>Sound Credit Union Statements before September 2008</u> - this account was not opened until August 2008, thus Hiatt Pontiac does not have statments for the earlier dates.

<u>Heritage Bank Statements before 2007</u> - This account was opened in January 2007, thus Hiatt Pontiac does not have statements for the earlier dates.

<u>American Express Statements</u> - Hiatt has produced the statements through 2008 that it was able to locate it its possession. We are willing to cooperate in obtaining earlier records from AMEX if necessary.

<u>Home Depot Statements</u> - Statements in Hiatt's possession were produced through 2008.  We are willing to cooperate in obtaining earlier records from Home Depot if necessary.

<u>Tax Returns</u> - These were produced in full from 2006 (HI00783-809) and 2007 (HI00810-841). The 2008 return has not been prepared yet.

<u>Financial Statements</u> - The only additional statements other than the Dealer Operating Reports we provided were "thirteenth month" statements prepared annually for  tax purposes, that involves posting and reversal of various entries.  Please advise if you want copies of these.

We previously provided three CD's containing full electronic copies of the only financial database used by Hiatt, the R&R ERA system.

<u>Leases</u> - this document was produced in full in our initial production (HI00900-914)

Similarly, we have some concerns regarding GMAC's responses to discovery from Hiatt Pontiac and Stephen M. Hiatt.  I am hopeful that we can work cooperatively to resolve these issues as well.

<u>Omitted/Ignored Responding to Interrogatories No. 2 and No. 3 and Request for Production No. 1 Propounded by Stephen M. Hiatt:</u>

Our original discovery from Stephen M. Hiatt propounded to Mr. Born on June 27, 2009, included a full text Interrogatory No. 2, followed by a Request for Production No. 1 and an Interrogatory No. 3, none of which were included on your responses. I have attached the originals for your review. Can GMAC please respond fully to these inquiries?

Hiatt Pontiac Interrogatory Nos. 11 and 12
I understand that you object that these are too broad and, in light of GMAC's extensive involvement in litigation, would be burdensome. I will agree to narrow the scope of these requests to actions by GMAC to enforce paragraph 4 of the Wholesale Security Agreement. Please identify any relevant litigation in the stated time period.

Hiatt Pontiac Interrogatory Nos. 20 and 22 and Requests for Production Nos. 25 and 26
These seek information about the identity of persons who were involved in communications between GMAC and GM re Hiatt inventory and open accounts. Although answered affirmatively, no persons are identified nor are responsive documents identified other than a general statement that documents "will be produced". Please identify the relevant individuals and documents. If the documents have not been provided please provide these forthwith.

Hiatt Pontiac Interrogatory No. 24 and Request for Production No. 28
These seek information about GMAC internal communications re Hiatt Pontiac from 2006-2008 and are directly relevant to the claims and counterclaims in this litigation. GMAC completely refused to respond. Please provide responsive information and documents immediately.

I know the deadline for discovery motions was today. Obviously, if we are not able to get these documents we will need to confer in advance of a discovery motion. Hopefully we can cooperatively work to provide this information without motion practice, but I wanted to alert you to the deadline and note that I will not be objecting to motions after that deadline in light of my absence and your courtesy in accommodating my schedule. That being said, we may also need to seek relief outside the deadline. My preference is to work cooperatively to the extent possible to ensure that both sides get the necessary information to permit full presentation of the issues at trial.


**Stephanie Bloomfield**
Attorney at Law


GORDON THOMAS HONEYWELL...


1201 Pacific Avenue, Suite 2100
Tacoma, Washington 98402
T 253 620 6514
F 253 620 6565
http://www.gth-law.com

NOTICE: The information contained in this e-mail communication is confidential and may be protected by the attorney/client or work product privileges. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error and delete the copy you received. Thank you.

# EXHIBIT 3

RECEIVED

AUG 0 4 2009

1 | JOHN B. SULLIVAN (CA State Bar No. 96742, *Admitted Pro Hac Vice*)
DUANE M. GECK (CA State Bar No. 114823, *Admitted Pro Hac Vice*)
2 | MARK I. WRAIGHT (CA State Bar No. 228303, *Admitted Pro Hac Vice*)
SEVERSON & WERSON
3 | A Professional Corporation
One Embarcadero Center, Suite 2600
4 | San Francisco, CA 94111
Telephone: (415) 398-3344
5 | Facsimile: (415) 956-0439

6 | BRIAN M. BORN (WA State Bar No. 25334)
TURNBULL & BORN, PLLC
7 | 950 Pacific Ave., Suite 1050
Tacoma, WA 98402
8 | Telephone: (253) 383-7058
Facsimile: (253) 572-7220
9

Attorneys for Plaintiff/Counter-Defendant
10 | GMAC LLC

11 | UNITED STATES DISTRICT COURT

12 | WESTERN DISTRICT OF WASHINGTON

13 | AT TACOMA

14

15 | GMAC LLC,

16 |             Plaintiff,

17 |     vs.

18 | HIATT PONTIAC GMC TRUCK, INC., a
Delaware corporation; STEPHEN A. HIATT,
19 | individually, and the marital community
composed of STEPHEN A. HIATT and JANE
20 | DOE HIATT, husband and wife; STEPHEN
M. HIATT, individually, and the marital
21 | community composed of STEVEN M. HIATT
and JANE DOE HIATT, husband and wife;
22 | and THEA HIATT, individually, and the
marital community composed of THEA
23 | HIATT and JOHN DOE HIATT, husband and
wife,
24
25 |             Defendants.

26 | AND RELATED COUNTERCLAIM

27

28

Case No.: C08-5707 RJB

**GMAC'S RESPONSES TO
HIATT PONTIAC GMC'S
FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION
OF DOCUMENTS**

07462/0288/748768.1

Responses to Interrogatories and Requests for Production
Case No.: C08-5707 RJB

PROPOUNDING PARTY:          HIATT PONTIAC GMC

RESPONDING PARTY:           GMAC, LLC

SET NUMBER:                 ONE

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, GMAC responds to Hiatt Pontiac GMC Truck, Inc.'s first set of interrogatories and requests for production of documents as follows:

## DISCOVERY REQUESTS AND RESPONSES

**INTERROGATORY NO. 1:** Identify all individuals who participated or assisted in answering these interrogatories, responding to these requests for production of documents, or selecting or assembling documents in response to these requests. For each individual identified, state by number each response with which that individual assisted.

**ANSWER:**

Counsel for GMAC, Robert Halcovich, Michele Smith, and Don Rice (for all interrogatories and requests for production).

**INTERROGATORY NO. 2:** Identify all individuals whom you believe may have knowledge respecting any of the facts, matters or transactions referred to in the First Amended Complaint. For each individual identified briefly state the subjects upon which the individual has knowledge.

**ANSWER:**

GMAC objects to this interrogatory because it is overbroad and extremely burdensome to the extent it asks GMAC to identify all individuals with knowledge of any of the "facts, matters or transactions" referred to in the First Amended Complaint, without any regard to the scope an individual's knowledge or relevancy to the parties' claims and defenses. For example, the second paragraph in the First Amended Complaint states "Hiatt Pontiac GMC Truck, Inc. is believed to be a Delaware corporation with its principal place of business in Pierce County, Washington." Certainly countless individuals, including Hiatt Pontiac's former customers or vendors, are likely to have knowledge that Hiatt Pontiac has its principal place of business in Pierce County. But

- 2 -

1  that does not necessarily mean that those individuals have knowledge of facts relevant to the

2  parties' claims or defenses.

3      GMAC further objects to this interrogatory because discovery is ongoing. Among other

4  things, GMAC has not yet been able to obtain the depositions of Stephen A. Hiatt, Steven M.

5  Hiatt, Thea Hiatt, Melissa Branham, or Dean Carpenter. Those depositions are likely to reveal

6  the identities of individuals with knowledge of facts relevant to the parties' claims or defenses.

7      Subject to and without waiving the foregoing, GMAC responds as follows:

8      Officers, employees and agents of GMAC with knowledge of the Wholesale Security

9  Agreement between Hiatt Pontiac and GMAC, Hiatt Pontiac's performance under the terms of the

10 Wholesale Security Agreement, Hiatt Pontiac's breach of the Wholesale Security Agreement, the

11 operations of Hiatt Pontiac, and the historical financial condition of Hiatt Pontiac, including but

12 not limited to: Don Rice, Michele Smith, Sheldon Nicklin, Jennifer Rogness, Doug Morton, Dan

13 Antonelli, Tammie Kerr, Jerry Vick, Ted Modrzejewski, Ramona Salavea, Nancy Lui, Greg

14 Moffitt, Mike Nestor, Dean Scacco, and Jim Garland.

15     On information and belief, former officers, employees and agents of Hiatt Pontiac with

16 knowledge of the Wholesale Security Agreement between Hiatt Pontiac and GMAC, Hiatt

17 Pontiac's performance under the terms of the Wholesale Security Agreement, Hiatt Pontiac's

18 breach of the Wholesale Security Agreement, the operations of Hiatt Pontiac, and the historical

19 financial condition of Hiatt Pontiac, including but not limited to:  Melissa Branham, Ed

20 Fautenberry, Joyce Glassley, Amber Ketrenos, Robert Flood, Ben Hiatt, Mike Edmonds, Dean

21 Carpenter, KC Lindt, Eric Mayfield, Sonja Mawdsley, Scott Griffith, Mark Unsell, David E.

22 Hiatt, Barbara Talamine, and Phyllis Corr.

23     Stephen A Hiatt. Mr. Hiatt is expected to have knowledge of Wholesale Security

24 Agreement between Hiatt Pontiac and GMAC, Hiatt Pontiac's performance under the terms of the

25 Wholesale Security Agreement, Hiatt Pontiac's breach of the Wholesale Security Agreement, the

26 operations of Hiatt Pontiac, and the historic financial condition of Hiatt Pontiac.

27     Steven M. Hiatt. Mr. Hiatt is expected to have knowledge of Wholesale Security

28 Agreement between Hiatt Pontiac and GMAC, Hiatt Pontiac's performance under the terms of the

- 3 -

1    Wholesale Security Agreement, Hiatt Pontiac's breach of the Wholesale Security Agreement, the

2    operations of Hiatt Pontiac, and the historic financial condition of Hiatt Pontiac.

3        Carol Hiatt.  Ms. Hiatt is expected to have knowledge about the historic financial

4    condition of Hiatt Pontiac.

5        Thea Hiatt.  Ms. Hiatt is expected to have knowledge about Hiatt Pontiac's breach of the

6    Wholesale Security Agreement, the operations of Hiatt Pontiac, and the historic financial

7    condition of Hiatt Pontiac.

8        Tony Triccoli.  Mr. Triccoli is expected to have knowledge about the sale of GMAC's

9    collateral.

10       Bobby Anderson.  Mr. Anderson is expected to have knowledge about the sale of

11   GMAC's collateral.

12       JT Curry.  Mr. Curry is expected to have knowledge about the sale of GMAC's collateral.

13       Don Wengler.  Please see Mr. Wengler's expert designation and report previously

14   produced on July 29, 2009.

15       **INTERROGATORY NO. 3:**  Identify every document that GMAC claims to create a

16   security interest in "non-floored" vehicles, and specify the language GMAC relies upon in

17   making this allegation.

18       **ANSWER:**

19   Wholesale Security Agreement.  Specifically paragraph 4.

20       **REQUEST FOR PRODUCTION NO. 1:**  Please produce any and all documents

21   GMAC relies upon to support its allegation that it has a security interest in "non-floored"

22   vehicles.

23       **RESPONSE:**

24       GMAC will produce all responsive documents within its possession, custody or control

25   that have not previously been produced by either party.

26       **INTERROGATORY NO. 4:**  Please identify, with specificity, any and all vehicles,

27   including VIN number and description for all inventory GMAC claims were "out of trust" sales

28   under the Wholesale Security Agreement, and identify any documents that support this allegation.

- 4 -

**ANSWER:**

GMAC objects to this interrogatory because to the extent it seeks information about each one of the vehicle sold "out of trust," it exceeds the statutory limit of 25 interrogatories.

Subject to and without waiving the foregoing, GMAC responds that the following vehicles were sold "out of trust" in violation of Hiatt Pontiac's obligations under the Wholesale Security Agreement, and all amendments thereto:

| VIN | N/U | YR | MODEL | FLOOR PLAN AMOUNT | BATES (GMAC/Hiatt designation) |
|-----|-----|----|-------|-------------------|-------------------------------|
| JH4DC53856S001762 | U | 2006 | RSX | 16,200.00 | 04062-04162 |
| 6MMAP67P54T001936 | U | 2004 | DIAMANTE | 7,000.00 | 04163-04166 |
| 6MMAP67P34T007072 | U | 2004 | DIAMANTE | 8,500.00 | 04167-04244 |
| J8DC4B16057017555 | U | 2005 | W4500 | 17,500.00 | 04245-04288 |
| 4A3AA46G13E092771 | U | 2003 | GALANT | 4,500.00 | 04289-04319 |
| 1GTGG29C381100893 | N | 2008 | SAVANA | 23,483.33 | 06393-06434 |
| JS2YB413195101745 | N | 2009 | SX4 | 18,111.74 | 06435-06507 |
| 1GCES14P24B104917 | U | 2004 | SSR | 24,000.00 | 04320-04421 |
| 2S3DA417686108080 | N | 2008 | XL7 | 27,432.94 | 06508-06577 |
| 2G2WR524841116879 | U | 2004 | GRAND PRIX | 9,250.00 | 04422-04515 |
| 3GNEC12027G122162 | U | 2007 | AVALANCHE | 26,800.00 | 03403-03468 |
| 2G2WP552481123303 | U | 2008 | GRAND PRIX | 13,095.00 | 04516-04590 |
| 1G2MG35X27Y132083 | U | 2007 | SOLSTICE | 19,000.00 | 04591-04656 |
| 1GKEV33738J141074 | U | 2008 | ACADIA | 31,795.00 | 04657-04754 |
| 1G2ZH58N974158163 | U | 2007 | G6 | 13,325.00 | 03360-03402 |
| 1GKEK63U42J160997 | U | 2002 | DENALI | 11,000.00 | 04755-04843 |
| 1GTHK23K58F170188 | N | 2008 | SIERRA | 40,574.03 | 06578-06627 |
| 1G8AZ52F94Z171804 | U | 2004 | ION | 7,075.00 | 04844-04920 |
| 1D7HU18D54J177153 | U | 2004 | RAM TRUCK | 15,700.00 | |
| 1GAHG35U271188822 | U | 2007 | EXPRESS VAN | 16,175.00 | 04921-04973 |
| 1G2AN18BX87190642 | N | 2008 | G5 | 21,594.08 | 06628-06708 |
| 1GDJC34K48E197323 | N | 2008 | SIERRA | 25,425.93 | 06709-06763 |
| 1GKDT13S352197676 | U | 2005 | ENVOY | 13,175.00 | 05293-05338 |
| 2G2WP542751207712 | U | 2005 | GRAND PRIX | 8,700.00 | 05339-051421 |
| 1GTHK23D46F214017 | U | 2006 | SIERRA | 24,000.00 | |
| 2GTEK63N651218787 | U | 2005 | SIERRA | 15,000.00 | 05422-05490 |
| 1G8AZ54F84Z231147 | U | 2004 | ION | 5,500.00 | 03336-03359 |
| 1GCDT136058233979 | U | 2005 | COLORADO | 15,790.00 | |
| 1GKFG15T271246510 | N | 2007 | SAVANA | 24,997.23 | 05638-05663 |
| 1G1AL55F677246549 | U | 2007 | COBALT | 9,600.00 | 03237-03335 |
| 1G1AK15F477273342 | U | 2007 | COBALT | 7,735.50 | 07074-07140 |
| 1G2ZG558864278097 | U | 2006 | G6 | 10,285.00 | 05993-06093 |
| 3GNFK16367G278281 | U | 2007 | K1500 | 24,595.00 | 06094-06151 |
| 1G2AL18F087339410 | N | 2008 | G5 | 17,886.38 | 05664-05690 |
| 2G1WF55E049378012 | U | 2004 | IMPALA | 7,600.00 | 05065-05140 |
| J8DB4W16177400815 | N | 2007 | GMC. | 42,847.00 | 03540-03593 |

07462/0288/748768.1

| | | | | | |
|---|---|---|---|---|---|
| J8DB4W16477401750 | N | 2007 | GMC | 43,409.00 | 05691-05759 |
| 2GTEK13T441419314 | U | 2004 | SIERRA | 14,000.00 | 05141-05190 |
| 1GDJ6C1396F421262 | N | 2006 | C6500 | 51,411.20 | |
| 5Y2SP67069Z435935 | N | 2009 | VIBE | 19,759.70 | 05760-05840 |
| 5Y2SR670X9Z436810 | N | 2009 | VIBE | 21,210.20 | 05841-05897 |
| 6G2VX12U36L512146 | U | 2006 | GTO | 20,265.00 | 05191-05292 |
| 2HKYF18605H524209 | U | 2005 | PILOT | 16,500.00 | 05558-05637 |
| 1GTHC24K87E543448 | N | 2007 | SIERRA | 24,081.13 | 03644-03728 |
| 2C3AE76K14H693903 | U | 2004 | CHRYSLER 300 | 7,500.00 | 03520-03539 |
| 1G1AM55B367702211 | U | 2006 | COBALT | 11,000.00 | 05898-05992 |
| 3VWST71K96M714785 | U | 2006 | JETTA | 21,240.00 | 02843-02931 |
| KL1TD66627B745693 | U | 2007 | AVEO | 6,800.00 | 02932-03000 |
| 4KLB4B1476J801893 | U | 2006 | ISUZU | 17,100.00 | 03001-03040 |
| JNKCV54E04M814356 | U | 2004 | G35 | 17,240.00 | 03041-03092 |
| KL5JD66Z98K857313 | N | 2008 | RENO | 14,822.34 | 03729-03820 |
| KL5JD66Z58K858619 | N | 2008 | RENO | 14,822.34 | 03821-03888 |
| 1FTZR15E43PA54291 | U | 2003 | RANGER | 6,000.00 | 03093-03162 |
| WBAET37494NJ47317 | U | 2004 | 325I | 10,800.00 | 03163-03236 |
| JNALC80H57AN60208 | N | 2007 | UD SERIES | 58,200.00 | 03980-04042 |
| 1GTGG25C881164272 | N | 2008 | SAVANA | 22,622.15 | 02788-02842 |
| JA3AH86CX6V040535 | U | 2006 | MITSUBISHI | 23,500.00 | |
| 1D7HW48N85S342452 | U | 2005 | DAKOTA | 16,040.00 | |
| 1GKEV33797J115108 | U | 2007 | ACADIA | 26,100.00 | |
| 1G2HZ54Y65U108455 | U | 2005 | BONNEVILLE | 11,075.00 | |
| 2GTEK19J081240702 | N | 2008 | GMC SIERRA | 30,334.08 | |
| 1GKEV33798J305928 | N | 2008 | ACADIA | 43,142.08 | |
| 5Y2SM62874Z436333 | U | 2004 | VIBE | 7,500.00 | |
| 1GDE4C3908F418150 | N | 2008 | C4500 | 46,116.43 | |

This information is also contained in GMAC's "Control Log" spreadsheet, and "Deficiency" spreadsheet.

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all documents identified in your answer to the preceding interrogatory.

**RESPONSE:**

GMAC will produce all responsive documents within its possession, custody or control that have not previously been produced by either party.

**INTERROGATORY NO. 5:** Please state any and all facts, identify witnesses, and identify documents that support GMAC's allegation in paragraph 15 of the First Amended Complaint that the vehicles that were "out of trust had a value of $1,201,632.38."

- 6 -

1

**ANSWER:**

2       GMAC objects to this interrogatory because to the extent it seeks information about each

3  one of the vehicles sold "out of trust," it exceeds the statutory limit of 25 interrogatories.

4       Subject to and without waiving the foregoing, GMAC responds that pursuant to FRCP

5  33(d), the answer to this interrogatory may be determined by examining, auditing, compiling,

6  abstracting, or summarizing the business records of both GMAC and Hiatt Pontiac, and that the

7  burden of deriving or ascertaining the answer will be substantially the same for either party.  The

8  answer to this interrogatory may be compiled from GMAC's wholesale billing records,

9  previously produced as bates nos. GMAC/Hiatt 08989-09329, and Hiatt Pontiac's dealer jackets

10  previously produced as bates nos. GMAC/Hiatt 04062-04162, 04163-04166, 04167-04244,

11  04245-04288, 04289-04319, 06393-06434, 06435-06507, 04320-04421, 06508-06577, 04422-

12  04515, 03403-03468, 04516-04590, 04591-04656, 04657-04754, 03360-03402, 04755-04843,

13  06578-06627, 04844-04920, 04921-04973, 06628-06708, 06709-06763, 05293-05338, 05339-

14  051421, 05422-05490, 03336-03359, 05638-05663, 03237-03335, 07074-07140, 05993-06093,

15  06094-06151, 05664-05690, 05065-05140, 03540-03593, 05691-05759, 05141-05190, 05760-

16  05840, 05841-05897, 05191-05292, 05558-05637, 03644-03728, 03520-03539, 05898-05992,

17  02843-02931, 02932-03000, 03001-03040, 03041-03092, 03729-03820, 03821-03888, 03093-

18  03162, 03163-03236, and 03980-04042.

19       Notwithstanding its reliance on FRCP 33(d), GMAC also responds that based on its

20  review and analysis of the documents identified above, it is informed and believes that a total of

21  64 units were sold "out of trust."  The floor plan value of those vehicles, excluding wholesale

22  interest charges, was approximately $1,247,838.81.  Presently, a total of 59 units, with an

23  approximate floor plan value of $1,109,671.22, continue to be "out of trust."  This information is

24  contained in GMAC's "Control Log" spreadsheet, "Deficiency" spreadsheet, and Default

25  Collateral Valuation Report.

26       GMAC is informed and believes that the following persons may have knowledge about

27  these facts and documents:  Stephen A. Hiatt, Steven M. Hiatt, Carol Hiatt, Thea Hiatt, Dean

28

07462/0288/748768.1

1  Carpenter, Melissa Branham, Don Rice, Michele Smith, Robert Halcovich, Dean Scacco, Jennifer

2  Rogness, and Don Wengler.

3      **REQUEST FOR PRODUCTION NO. 3:**  Please produce any and all documents

4  identified in your answer to the preceding interrogatory.

5      **RESPONSE:**

6      GMAC will produce all responsive documents within its possession, custody or control

7  that have not previously been produced by either party.

8      **INTERROGATORY NO. 6:**  Please state any and all facts, identify witnesses, and

9  identify documents that support GMAC's allegation in paragraph 18 of the first Amended

10  Complaint "that dealer and/or Hiatt has proceeds from the 'out of trust' sales in its possession,

11  directly or indirectly . . . ."

12      **ANSWER:**

13      GMAC objects to this interrogatory because to the extent it seeks information about each

14  one of the vehicles sold "out of trust," it exceeds the statutory limit of 25 interrogatories.

15      Subject to and without waiving the foregoing, GMAC responds that pursuant to FRCP

16  33(d), the answer to this interrogatory may be determined by examining, auditing, compiling,

17  abstracting, or summarizing the business records of both GMAC and Hiatt Pontiac, and that the

18  burden of deriving or ascertaining the answer will be substantially the same for either party.  The

19  answer to this interrogatory may be compiled from Hiatt Pontiac's dealer jackets, previously

20  produced as bates nos. GMAC/Hiatt 04062-04162, 04163-04166, 04167-04244, 04245-04288,

21  04289-04319, 06393-06434, 06435-06507, 04320-04421, 06508-06577, 04422-04515, 03403-

22  03468, 04516-04590, 04591-04656, 04657-04754, 03360-03402, 04755-04843, 06578-06627,

23  04844-04920, 04921-04973, 06628-06708, 06709-06763, 05293-05338, 05339-051421, 05422-

24  05490, 03336-03359, 05638-05663, 03237-03335, 07074-07140, 05993-06093, 06094-06151,

25  05664-05690, 05065-05140, 03540-03593, 05691-05759, 05141-05190, 05760-05840, 05841-

26  05897, 05191-05292, 05558-05637, 03644-03728, 03520-03539, 05898-05992, 02843-02931,

27  02932-03000, 03001-03040, 03041-03092, 03729-03820, 03821-03888, 03093-03162, 03163-

28  03236, and 03980-04042.  The answer may also be compiled, in part, from the incomplete bank

- 8 -

1   records Hiatt Pontiac previously produced as HI002267-HI002477, HI002478-HI002685,

2   HI002686-HI003006, HI003007-HI003021, and HI003022-HI003062).

3        GMAC is informed and believes that the following persons may have knowledge about

4   these facts and documents:  Stephen A. Hiatt, Steven M. Hiatt, Carol Hiatt, Thea Hiatt, Dean

5   Carpenter, Melissa Branham, Don Rice, Michele Smith, Robert Halcovich, Jennifer Rogness,

6   Dean Scacco, Jim Garland, and Don Wengler.

7        **REQUEST FOR PRODUCTION NO. 4:**  Please produce any and all documents

8   identified in your answer to the preceding interrogatory.

9        **RESPONSE:**

10       GMAC will produce all responsive documents within its possession, custody or control

11  that have not previously been produced by either party.

12       **INTERROGATORY NO. 7:**  Please state any and all facts, identify witnesses, and

13  identify documents that support GMAC's allegation in paragraph 22 of the First Amended

14  Complaint that "as of August 31, 2008, the total amount owing by dealer was $11,835,628.69." If

15  you contend some different amount is owed, please state the amount you assert is owed and all

16  state all facts, identify witnesses; and identify documents to support any amount currently

17  claimed.

18       **ANSWER:**

19       GMAC responds that pursuant to FRCP 33(d), the answer to this interrogatory may be

20  determined by examining, auditing, compiling, abstracting, or summarizing the business records

21  of both GMAC and Hiatt Pontiac, and that the burden of deriving or ascertaining the answer will

22  be substantially the same for either party.  The answer to this interrogatory may be compiled from

23  GMAC's wholesale billing records, previously produced as bates nos. GMAC/Hiatt 08989-

24  09329, and Hiatt Pontiac's dealer jackets previously produced as bates nos. GMAC/Hiatt 04062-

25  04162, 04163-04166, 04167-04244, 04245-04288, 04289-04319, 06393-06434, 06435-06507,

26  04320-04421, 06508-06577, 04422-04515, 03403-03468, 04516-04590, 04591-04656, 04657-

27  04754, 03360-03402, 04755-04843, 06578-06627, 04844-04920, 04921-04973, 06628-06708,

28  06709-06763, 05293-05338, 05339-051421, 05422-05490, 03336-03359, 05638-05663, 03237-

- 9 -

1  03335, 07074-07140, 05993-06093, 06094-06151, 05664-05690, 05065-05140, 03540-03593,

2  05691-05759, 05141-05190, 05760-05840, 05841-05897, 05191-05292, 05558-05637, 03644-

3  03728, 03520-03539, 05898-05992, 02843-02931, 02932-03000, 03001-03040, 03041-03092,

4  03729-03820, 03821-03888, 03093-03162, 03163-03236, and 03980-04042. This information is

5  also contained in GMAC's "Control Log" spreadsheet "Deficiency" spreadsheet, and Default

6  Collateral Valuation Report.

7      Notwithstanding its reliance on FRCP 33(d), GMAC also responds that based on its

8  review and analysis of the documents identified above, as of August 31, 2008, the total amount

9  owing by the dealer on its line of credit with GMAC was $11,835,628.69. And as of July 20,

10  2009, after repossessing and liquidating Hiatt Pontiac's inventory, there is a deficiency of

11  approximately $4,204,289 owed by Hiatt Pontiac to GMAC.

12      GMAC is informed and believes that the following persons may have knowledge about

13  these facts and documents: Stephen A. Hiatt, Steven M. Hiatt, Carol Hiatt, Thea Hiatt, Dean

14  Carpenter, Melissa Branham, Don Rice, Michele Smith, Robert Halcovich, and Jennifer Rogness.

15      **REQUEST FOR PRODUCTION NO. 5:** Please produce any and all documents

16  identified in your answer to the preceding interrogatory.

17      **RESPONSE:**

18      GMAC will produce all responsive documents within its possession, custody or control

19  that have not previously been produced by either party.

20      **REQUEST FOR PRODUCTION NO. 6:** Please produce any and all documents

21  referred to or related to GMAC's allegation in paragraph 29 of the First Amended Complaint that

22  "GMAC maintains a list of all new and used vehicles for which it has provided inventory loans to

23  Hiatt Pontiac."

24      **RESPONSE:**

25      GMAC will produce all responsive documents within its possession, custody or control

26  that have not previously been produced by either party.

27      **INTERROGATORY NO. 8:** Please state with specificity all facts, identify witnesses

28  and identify documents that support GMAC's allegation in paragraph 30 of the First Amended

- 10 -

1  Complaint that "dealer has in its inventory approximately 57 other vehicles (the 'Non Floored

2  Vehicles') which GMAC did not finance but which are also subject to GMAC's security interest."

3      **ANSWER:**

4      GMAC objects to this interrogatory because to the extent it seeks information about "57

5  other vehicle," it exceeds the statutory limit of 25 interrogatories.

6      Subject to and without waiving the foregoing, GMAC responds that pursuant to FRCP

7  33(d), the answer to this interrogatory may be determined by examining, auditing, compiling,

8  abstracting, or summarizing the business records of Hiatt Pontiac, and that the burden of deriving

9  or ascertaining the answer will be substantially the same for either party.  The answer to this

10  interrogatory may be compiled from Hiatt Pontiac's dealer jackets, previously produced as bates

11  nos. GMAC/Hiatt 01327-01340, 01341-01351, 02645-02667, 02153-02172, 01882-01904,

12  01762-01778, 02227-02248, 02087-02111, 01952-01971, 02112-02125, 02302-02316, 01905-

13  01934, 02249-02285, 01988-02003, 02192-02226, 02173-02191, 02126-02152, 02004-02029,

14  01824-01846, 01935-01951, 01972-01987, 02286-02301, 02064-02086, 02030-02063, 01801-

15  01823, 07417-07436, 01320-01326, 01170-01177, 01309-01311, 01383-01391, 01162-01169,

16  01204-01221, 02539-02549, 01312-01319, 01234-01247, 01148-01154, and 1178-01203.

17      Notwithstanding its reliance on FRCP 33(d), GMAC also responds that based on its

18  review and analysis of the documents identified above, Hiatt Pontiac has or had the following

19  vehicles in its possession which GMAC did not finance, but which are also subject to GMAC's

20  security interest under the Wholesale Security Agreement:

| | | | | |
|---|---|---|---|---|
| JALC4B1K4S7 | 011976 | 1995 | ISUZU CHASSIS | |
| 1GDJG31R8Y1 | 208269 | 2000 | SAVANA | 01327-01340 |
| 1GBJC34KXSE | 238277 | 1995 | CHEVY K3500 | |
| 1GBKC34J7YF | 408884 | 2000 | CHEVY 3500 | 01341-01351 |
| 1G1AK12F657 | 639058 | 2005 | CHEVY COBALT | |
| | 008379 | 2004 | GMC 14' BOX | |
| KL1TD66618B | 053989 | 2008 | CHEVY AVEO | 02645-02667 |
| 1B7HF13Z7J | 200550 | 2001 | RAM | |
| 4S2CM58V9V4 | 306178 | 1997 | RODEO | |
| 1GMDX03E4XD | 338021 | 1999 | MONTANA | |
| | 357792 | 2001 | NAVISTAR 24' BOX | |
| 1FTEX14H7TK | A37482 | 1996 | F150 | |
| | | | FORD F700 DIESEL | |
| 1GDJ7HIJ7TJ | 500088 | 1996 | GMC TOPKICK | |

07462/0288/748768.1

Responses to Interrogatories and Requests for Production
Case No.: C08-5707 RJB

| LIC # B43327E | | | UD 2600 BOX | |
|---|---|---|---|---|
| LIC #IHC | | 1999 | CHASSIS 4700 | |
| | | | EXPLORER XLT | |
| LIC # 690PA0 | 689314 | 1992 | MERCEDES | |
| 1GTGK29U32Z | 123638 | 2002 | GMC SIERRA | 02153-02172 |
| 1GTHK23182F | 179840 | 2002 | | 01882-01904 |
| 1GDJ7H1C12J | 518053 | 2002 | GMC 24' | 01762-01778 |
| 1B4HS48NX2F | 147783 | 2002 | DODGE | 02227-02248 |
| 4A3AC8412YE | 069220 | 2000 | MITS ECLIPSE | 02087-02111 |
| 3GKEC16Z54G | 185337 | 2004 | YUKON | 01952-01971 |
| 1GNEL19W8WB | 190774 | 1998 | CHEVY ASTRO | 02112-02125 |
| 1GMDX13EX3D | 212942 | 2003 | MONTANA | 02302-02316 |
| 1GTHK23U72F | 249581 | 2002 | GMC SIERRA | 01905-01934 |
| 3GNEK13T32G | 262998 | | CHEVY AVALANCHE | 02249-02285 |
| 1GKFK66U43J | 275813 | 2003 | YUKON | 01988-02003 |
| 1GCGK29U1YE | 328973 | | CHEVY SILVERADO | 02192-02226 |
| 1B7KF2362XJ | 570685 | 1999 | DODGE | 02173-02191 |
| WP0CA2984XU | 630282 | 1999 | PORSCHE | 02126-02152 |
| 1J4FA49S8Y8 | 796111 | | WRANGLER | 02004-02029 |
| 1GKEK13R8XR | 909971 | 1999 | YUKON | 01824-01846 |
| 1FTSW31P54E | A83048 | 2004 | F350 | 01935-01951 |
| 1FMRU18LXL | A98160 | 1999 | EXPEDITION | 01972-01987 |
| 1FMFU18L4VL | B72794 | 1997 | FORD EXPEDITION | 02286-02301 |
| 1FTRW07312K | D77174 | 2002 | FORD | 02064-02086 |
| JNAMCU2H3YG | H55168 | 2000 | NISSAN UD | |
| WBAGG83421D | N85582 | 2001 | BMW | 02030-02063 |
| KNDJD736275 | 700178 | 2007 | SORRENTO | |
| 1G2NF52F22C | 302723 | 2002 | GRAND AM | 01801-01823 |
| 1GTDT13W41K | 164923 | 2001 | GMC SONOMA | 07417-07436 |
| KNAFB1216W5 | 713325 | 1993 | KIA SEPHIA | |
| 1GDKC34J1XF | 076155 | 1999 | GMC K3500 | 01320-01326 |
| 1GDKC34J5WF | 063858 | 1998 | GMC K3500 | 01170-01177 |
| 5PVNE8JV282 | S50517 | 2008 | HINO | 01309-01311 |
| 1HTSCABM8XH | 675521 | 1999 | NAVISTAR | 01383-01391 |
| JBDC4B140X7 | 000854 | 1999 | GMC W4500 | 01162-01169 |
| JBDC4B16377 | 002650 | 2007 | GMC | |
| 3VWVH69M63M | 132136 | 2003 | VW JETTA | 01204-01221 |
| 1GKER13738J | 268092 | 2008 | GMC ACADIA | |
| 5T4HP41R223 | 350744 | 2002 | WORKHORSE | 01312-01319 |
| KL5JD56Z66K | 409854 | 2006 | SUZUKI FORENZA | |
| 2FTZX18W3WC | A59983 | 1998 | FORD | 01234-01247 |
| 1FDWF36F51E | B67878 | 2001 | FORD | 01148-01154 |
| WBAEV33473K | L87160 | 2003 | BMW 325 | 01178-01203 |

GMAC is informed and believes that the following persons may have knowledge about these facts and documents: Stephen A. Hiatt, Steven M. Hiatt, Carol Hiatt, Thea Hiatt, Dean Carpenter, Melissa Branham, Tony Triccoli, Bobby Anderson, and JT Curry.

- 12 -

**REQUEST FOR PRODUCTION NO. 7:** Please produce any and all documents identified in your answer to the preceding interrogatory.

**RESPONSE:**

GMAC will produce all responsive documents within its possession, custody or control that have not previously been produced by either party.

**INTERROGATORY NO. 9:** Please state with specificity all facts, identify witnesses and identify documents that support GMAC's allegation in paragraph 31 of the First Amended Complaint that "Hiatt Pontiac is believed to have secreted away these 57 Non-Floored Vehicles."

**ANSWER:**

GMAC objects to this interrogatory because to the extent it seeks information about "57 other vehicle," it exceeds the statutory limit of 25 interrogatories.

Subject to and without waiving the foregoing, GMAC responds as follows:

Hiatt Pontiac had the following vehicles in its possession, which GMAC did not finance, but which are also subject to GMAC's security interest under the Wholesale Security Agreement:

| | | | | |
|---|---|---|---|---|
| JALC4B1K4S7 | 011976 | 1995 | ISUZU CHASSIS | |
| 1GDJG31R8Y1 | 208269 | 2000 | SAVANA | 01327-01340 |
| 1GBJC34KXSE | 238277 | 1995 | CHEV K3500 | |
| 1GBKC34J7YF | 408884 | 2000 | CHEV 3500 | 01341-01351 |
| 1G1AK12F657 | 639058 | 2005 | CHEV COBALT | |
| | 008379 | 2004 | GMC 14' BOX | |
| KL1TD66618B | 053989 | 2008 | CHEV AVEO | 02645-02667 |
| 1B7HF13Z7J | 200550 | 2001 | RAM | |
| 4S2CM58V9V4 | 306178 | 1997 | RODEO | |
| 1GMDX03E4XD | 338021 | 1999 | MONTANA | |
| | 357792 | 2001 | NAVISTAR 24' BOX | |
| 1FTEX14H7TK | A37482 | 1996 | F150 | |
| | | | FORD F700 DIESEL | |
| 1GDJ7HIJ7TJ | 500088 | 1996 | GMC TOPKICK | |
| LIC # B43327E | | | UD 2600 BOX | |
| LIC #IHC | | 1999 | CHASSIS 4700 | |
| | | | EXPLORER XLT | |
| LIC # 690PA0 | 689314 | 1992 | MERCEDES | |
| 1GTGK29U32Z | 123638 | 2002 | GMC SIERRA | 02153-02172 |
| 1GTHK23182F | 179840 | 2002 | | 01882-01904 |
| 1GDJ7H1C12J | 518053 | 2002 | GMC 24' | 01762-01778 |
| 1B4HS48NX2F | 147783 | 2002 | DODGE | 02227-02248 |
| 4A3AC8412YE | 069220 | 2000 | MITS ECLIPSE | 02087-02111 |
| 3GKEC16Z54G | 185337 | 2004 | YUKON | 01952-01971 |
| 1GNEL19W8WB | 190774 | 1998 | CHEVY ASTRO | 02112-02125 |

| 1GMDX13EX3D | 212942 | 2003 | MONTANA | 02302-02316 |
|---|---|---|---|---|
| 1GTHK23U72F | 249581 | 2002 | GMC SIERRA | 01905-01934 |
| 3GNEK13T32G | 262998 | | CHEVY AVALANCHE | 02249-02285 |
| 1GKFK66U43J | 275813 | 2003 | YUKON | 01988-02003 |
| 1GCGK29U1YE | 328973 | | CHEVY SILVERADO | 02192-02226 |
| 1B7KF2362XJ | 570685 | 1999 | DODGE | 02173-02191 |
| WP0CA2984XU | 630282 | 1999 | PORSCHE | 02126-02152 |
| 1J4FA49S8Y8 | 796111 | | WRANGLER | 02004-02029 |
| 1GKEK13R8XR | 909971 | 1999 | YUKON | 01824-01846 |
| 1FTSW31P54E | A83048 | 2004 | F350 | 01935-01951 |
| 1FMRU18LXL | A98160 | 1999 | EXPEDITION | 01972-01987 |
| 1FMFU18L4VL | B72794 | 1997 | FORD EXPEDITION | 02286-02301 |
| 1FTRW07312K | D77174 | 2002 | FORD | 02064-02086 |
| JNAMCU2H3YG | H55168 | 2000 | NISSAN UD | |
| WBAGG83421D | N85582 | 2001 | BMW | 02030-02063 |
| KNDJD736275 | 700178 | 2007 | SORRENTO | |
| 1G2NF52F22C | 302723 | 2002 | GRAND AM | 01801-01823 |
| 1GTDT13W41K | 164923 | 2001 | GMC SONOMA | 07417-07436 |
| KNAFB1216W5 | 713325 | 1993 | KIA SEPHIA | |
| 1GDKC34J1XF | 076155 | 1999 | GMC K3500 | 01320-01326 |
| 1GDKC34J5WF | 063858 | 1998 | GMC K3500 | 01170-01177 |
| 5PVNE8JV282 | S50517 | 2008 | HINO | 01309-01311 |
| 1HTSCABM8XH | 675521 | 1999 | NAVISTAR | 01383-01391 |
| JBDC4B140X7 | 000854 | 1999 | GMC W4500 | 01162-01169 |
| JBDC4B16377 | 002650 | 2007 | GMC | |
| 3VWVH69M63M | 132136 | 2003 | VW JETTA | 01204-01221 |
| 1GKER13738J | 268092 | 2008 | GMC ACADIA | |
| 5T4HP41R223 | 350744 | 2002 | WORKHORSE | 01312-01319 |
| KL5JD56Z66K | 409854 | 2006 | SUZUKI FORENZA | |
| 2FTZX18W3WC | A59983 | 1998 | FORD | 01234-01247 |
| 1FDWF36F51E | B67878 | 2001 | FORD | 01148-01154 |
| WBAEV33473K | L87160 | 2003 | BMW 325 | 01178-01203 |

Hiatt Pontiac did not turn over these vehicles, or the cash proceeds from the sale of any of these vehicles, to GMAC. GMAC is informed and believed that a number of these vehicles were removed from the Hiatt Pontiac dealership lot, and secreted away at Steven M. Hiatt's personal residence, or somewhere else, and then sold to third parties in order to prevent GMAC from taking possession of the vehicles. For example, Curry Enterprises, Inc., (dba Motors Northwest) admits that it paid $54,000 on August 28, 2008 for fifteen units, including the following:  2001 GMC Sonoma (164923), 2003 VW Jetta (132136), 1999 Pontiac Montana (338021), 1996 Ford F150 (A37482), 1997 Isuzu Rodeo (306178), 2002 Chevy Avalanche (262998), 1998 Chevy Astro (190774), 2002 Dodge Durango (147783), 1997 Ford Expedition (B72794), 2003 Pontiac

- 14 -

1  Montana (212942), 2000 Chevy Silverado (328973), 2001 Dodge Ram 1500 (200550), 1999

2  Porsche Boxster (630282), 2002 GMC Sierra (123683), and 1999 Dodge Ram 2500 (570685).

3      GMAC is informed and believes that the following persons may have knowledge about

4  these facts and documents:  Stephen A. Hiatt, Steven M. Hiatt, Carol Hiatt, Thea Hiatt, Dean

5  Carpenter, Melissa Branham, Tony Triccoli, Bobby Anderson, and JT Curry.

6      **REQUEST FOR PRODUCTION NO. 8:**  Please produce any and all documents

7  identified in your answer to the preceding interrogatory.

8      **RESPONSE:**

9      GMAC will produce all responsive documents within its possession, custody or control

10  that have not previously been produced by either party.

11      **INTERROGATORY NO. 10:**  Please state all facts, identify witnesses and identify

12  documents to support GMAC's allegation in paragraph 52 of the First Amended Complaint that

13  "on September 2, 2008, after the Superior Court of Washington for Pierce County issued the TRO

14  against Hiatt Pontiac . . . Hiatt Pontiac deposited $50,112.23, representing GMAC's cash

15  collateral, into its operating account for the sale of two vehicles. Thereafter, Hiatt Pontiac

16  disbursed $20,152.46 from its general operating account.

17      **ANSWER:**

18      On September 2, 2008, Hiatt Pontiac deposited $50,112.23 into its general operating

19  account at Colombia Bank, account no. xxxxx55908.  Of the amount deposited, $49,871.00

20  represented the proceeds from two vehicles sold to the Bethel School District.  Both vehicles,

21  4KLB4B1476J801893 and 1GKFG15T271246510, were floored by GMAC.

22      GMAC is informed and believed that the balance of Hiatt Pontiac's general operating

23  account on September 3 was just $29,718.54.  Therefore, $20,152.46 of the cash proceeds from

24  two vehicles sold to Bethel School District was withdrawn from Hiatt Pontiac's general operating

25  account after the September 2 deposit.

26      This information may be found, in part, in Hiatt Pontiac's bank records, including a

27  September 2 deposit slip and receipt, and Hiatt Pontiac's dealer jackets for 4KLB4B1476J801893

28  and 1GKFG15T271246510, GMAC/Hiatt 03001-03040, 05638-05663.

- 15 -

1      GMAC is informed and believes that the following persons may have knowledge about

2  these facts and documents:  Stephen A. Hiatt, Steven M. Hiatt, Carol Hiatt, Thea Hiatt, Dean

3  Carpenter, Melissa Branham, Jim Garland, and Don Wengler.

4      **REQUEST FOR PRODUCTION NO. 9:**  Please produce any and all documents

5  identified in your answer to the preceding interrogatory.

6      **RESPONSE:**

7      GMAC will produce all responsive documents within its possession, custody or control

8  that have not previously been produced by either party.

9      **INTERROGATORY NO. 11:**  Please identify all legal proceedings in which you have

10  been a party at any time since January 1, 2000 involving "the enforcement of security

11  agreements," stating:  (a) the cause number, jurisdiction and venue of the suit; (b) the date it was

12  commenced and, if applicable, the date it was dismissed; (c) the identity of, and attorneys for,

13  each party; (d) a brief description of the allegations by you and against you; and (e) the outcome

14  of the lawsuit (e.g., "resolved by settlement", "summary judgment granted in favor of defendant",

15  "tried to verdict in favor of plaintiff").

16      **ANSWER:**

17      GMAC objects to this interrogatory because it is vague, ambiguous, and does not seek

18  information relevant to any party's claim or defense.  The phrase "legal proceedings" is unclear.

19  GMAC further objects that the request is overbroad and extremely burdensome to the extent it

20  seeks information about any and all "legal proceedings" dating as far back as 2000, and is not

21  limited to any particular jurisdiction.

22      **INTERROGATORY NO. 12:**  Please identify all legal proceedings involving GMAC

23  since January 1, 2000, regarding GMAC's attempt to enforce a security interest against "Non

24  Floored Vehicles," and for each proceeding state:  (a) the cause number, jurisdiction and venue of

25  the suit; (b) the date it was commenced and, if applicable, the date it was dismissed; (c) the

26  identity of, and attorneys for, each party; (d) a brief description of the allegations by you and

27  against you; and (e) the outcome of the proceeding (e.g., "resolved by settlement", "summary

28  judgment granted in favor of defendant", "tried to verdict in favor of plaintiff").

- 16 -

1    **ANSWER:**

2    GMAC objects to this interrogatory because it is vague, ambiguous, and does not seek

3    information relevant to any party's claim or defense. GMAC further objects that the request is

4    overbroad and extremely burdensome to the extent it seeks information about any and all "legal

5    proceedings" dating as far back as 2000, and is not limited to any particular jurisdiction.

6    **INTERROGATORY NO. 13:** Please describe and provide a computation of each

7    element of damages you seek to recover against Defendant Hiatt Pontiac GMC in this case, and

8    provide the basis of your computation for each element of damages claimed.

9    **ANSWER:**

10    GMAC further objects to this interrogatory because discovery is ongoing. Subject to and

11    without waiving the foregoing, GMAC responds as follows:

12    $4,306,240.16. This damage number includes the deficiency for new vehicles floored by

13    GMAC ($1,647,960.22), the shortfall for used vehicles floored by GMAC ($1,091,661.98), the

14    value of the vehicles floored by GMAC and sold "out of trust" by Hiatt Pontiac ($1,109,671.22),

15    and wholesale charges through June 2009 ($345,252.03). GMAC will also seek to recover its

16    expenses of $111,694.71, plus attorney's fees and costs.

17    **REQUEST FOR PRODUCTION NO. 10:** Please produce any and all documents

18    relating to the damages or underlying calculations or otherwise bearing on the damages set forth

19    in your answer to the preceding interrogatory.

20    **RESPONSE:**

21    GMAC will produce all responsive documents within its possession, custody or control

22    that have not previously been produced by either party.

23    **INTERROGATORY NO. 14:** Please identify all individuals whom you believe may

24    have knowledge of any aspect of the subject matter of the preceding interrogatory or its answer.

25    **ANSWER:**

26    Don Rice, Michele Smith, Robert Halcovich, Jennifer Rogness, and Don Wengler.

27    **INTERROGATORY NO. 15:** To your knowledge, at any time since January 1, 2000,

28    has GM or GMAC had any communication with any defendant about the possible purchase of

- 17 -

1  defendant Hiatt Pontiac GMC?  If the answer to the preceding interrogatory is yes, please identify

2  all persons having knowledge of such communications and any documents regarding such

3  communications.

4      **ANSWER:**

5      GMAC objects to this interrogatory because it is compound.

6      Subject to and without waiving the foregoing, GMAC responds as follows:

7      On information and belief, based on documents produced by Hiatt Pontiac, GMAC is

8  aware of communications between Hiatt Pontiac and GM concerning the negotiation of a possible

9  purchase of Gilchrist Buick, Inc. by Hiatt Pontiac, as well as a possible sale of Hiatt Pontiac.

10  GMAC was not involved in those negotiations.

11     **REQUEST FOR PRODUCTION NO. 11**:  Please produce any and all documents

12  identified in your answer to the preceding interrogatory.

13     **RESPONSE:**

14     The relevant documents have previously been produced by Hiatt Pontiac.  Among others,

15  please see HI000002-HI000032, HI00039-HI000041, HI000034-HI000035, and HI000115-

16  HI000116.

17     **INTERROGATORY NO. 16**:  Have there been any communications between GMAC

18  and GM regarding the subject matter of this litigation?  If the answer is yes, please identify all

19  persons and all documents relating to such communications.

20     **ANSWER:**

21     GMAC objects to this interrogatory because it is vague and ambiguous.  The phrase

22  "subject matter of this litigation" is unclear.  To the extent the "subject matter of this litigation"

23  including Hiatt Pontiac's inventory, GMAC has had communication with GM about Hiatt

24  Pontiac's inventory.  See GMAC's responses to Interrogatories 20 and 21.

25     Subject to and without waiving the foregoing, GMAC responds as follows:

26     No.

27

28

07462/0288/748768.1

1    **REQUEST FOR PRODUCTION NO. 12:**  Please produce any and all documents

2    identified in your answer to the preceding interrogatory.

3    **RESPONSE:**

4    N/A

5    **INTERROGATORY NO. 17:**  Was GMAC aware that GM had attempted to negotiate

6    the purchase of Hiatt Pontiac GMC at any time prior to August 2008? If the answer is yes, please

7    identify any person with such knowledge and any documents regarding this subject matter.

8    **ANSWER:**

9    No.

10    **REQUEST FOR PRODUCTION NO. 13:**  Please produce any and all documents

11    identified in your answer to the preceding interrogatory.

12    **RESPONSE:**

13    N/A

14    **INTERROGATORY NO. 18:**  Is GMAC aware of any report, evaluation, survey,

15    recommendation and/or other communication which discusses in any way an effort by GM or

16    GMAC to channel or reduce the number of Buick, Pontiac, and GMC brands in the Pierce County

17    area?  If the answer is yes, please identify all documents, all communications and persons with

18    knowledge.

19    **ANSWER:**

20    Yes.  GMAC is aware of communications between Hiatt Pontiac and GM, acting through

21    its Dealer Network Development Group, concerning "channeling."  GMAC's knowledge is based

22    on documents produced by Hiatt Pontiac.  Those same documents also indicate that Hiatt Pontiac

23    agreed to keep those discussions and negotiations with GM confidential.

24    **REQUEST FOR PRODUCTION NO. .14:**  Please produce any and all documents

25    identified in your answer to the preceding interrogatory.

26

27

28

- 19 -

**RESPONSE:**

The relevant documents have previously been produced by Hiatt Pontiac. Among others, please see HI000002-HI000032, HI00039-HI000041, HI000034-HI000035, and HI000115-HI000116.

**INTERROGATORY NO. 19:** Identify all experts whom you have retained or contemplate retaining for purposes of this litigation, state whether each such expert is expected to testify at trial, and state the subject matter upon which each such expert is expected to testify, indicating the substance of the facts and an opinions as to which he or she is expected to testify, and summarizing his or her opinions.

**ANSWER:**

Don Wengler. Mr. Wengler is expected to testify at trial. Please see GMAC's Rule 26(a) expert witness designation and report previously produced on July 29, 2009.

**REQUEST FOR PRODUCTION NO. 15:** Please produce any and all documents related to any expert identified in your answer to the preceding interrogatory, including correspondence, reports, e mails, drafts, invoices, bills, or other communications between you and the identified expert.

**RESPONSE:**

GMAC will produce all responsive documents within its possession, custody or control that have not previously been produced by either party.

**REQUEST FOR PRODUCTION NO. 16:** Please produce any and all documents related to every GMAC audit of Hiatt Pontiac GMC since January 1, 2003, including notes from contract workers who conducted the in dealership audits.

**RESPONSE:**

GMAC will produce all responsive documents within its possession, custody or control that have not previously been produced by either party.

**REQUEST FOR PRODUCTION NO. 17:** Please produce any and all documents related to GMAC's communications with Hiatt Pontiac GMC regarding GMAC's demands for

- 20 -

1 outstanding principal reductions since January 1, 2003, and any documents reflecting principal

2 reduction payments by Hiatt Pontiac GMC.

3      **RESPONSE:**

4      GMAC will produce all responsive documents within its possession, custody or control

5 that have not previously been produced by either party.

6      **REQUEST FOR PRODUCTION NO. 18:**  Please produce any and all documents

7 related to interest paid by Hiatt Pontiac GMC to GMAC including the amount and date of each

8 interest payment to GMAC from January 1, 2003 to the present.

9      **RESPONSE:**

10     GMAC will produce all responsive documents within its possession, custody or control

11 that have not previously been produced by either party.

12     **REQUEST FOR PRODUCTION NO. 19:**  Please produce any and all documents,

13 records, summaries or reports, related to flooring payoffs paid by Hiatt Pontiac GMC from

14 January 1, 2003, to present.

15     **RESPONSE:**

16     GMAC will produce all responsive documents within its possession, custody or control

17 that have not previously been produced by either party.

18     **REQUEST FOR PRODUCTION NO. 20:**  Please produce any and all documents

19 related to Hiatt Pontiac GMC working capital since January 1, 2003.

20     **RESPONSE:**

21     GMAC will produce all responsive documents within its possession, custody or control

22 that have not previously been produced by either party.

23     **REQUEST FOR PRODUCTION NO. 21:**  Please produce any and all documents

24 regarding Hiatt Pontiac GMC floored inventories valuation/outstanding from 2003 to present

25 date.

26     **RESPONSE:**

27     GMAC will produce all responsive documents within its possession, custody or control

28 that have not previously been produced by either party.

- 21 -

1  **REQUEST FOR PRODUCTION NO. 22:**  Please produce any and all documents

2  regarding communications to or from Hiatt Pontiac GMC regarding GMAC affiliate GM's

3  Medium Duty floor plan assistance program in 2006.

4  **RESPONSE:**

5  GMAC is unable to produce any documents in response to this request for production.  A

6  diligent search and reasonable inquiry has been made in an effort to locate responsive documents.

7  However, GMAC has been unable to locate any responsive documents in its possession, custody,

8  or control.

9  **REQUEST FOR PRODUCTION NO. 23:**  Please produce any and all documents

10  regarding Hiatt Pontiac GMC's platinum status with GMAC since January 1, 2003.

11  **RESPONSE:**

12  GMAC will produce all responsive documents within its possession, custody or control

13  that have not previously been produced by either party.

14  **REQUEST FOR PRODUCTION NO. 24:**  Please produce any and all documents

15  relating to any communication between GMAC and Hiatt Pontiac GMC regarding the Wholesale

16  Security Agreement and any subsequent amendments or modifications of that Agreement.

17  **RESPONSE:**

18  GMAC will produce all responsive documents within its possession, custody or control

19  that have not previously been produced by either party.

20  **INTERROGATORY NO. 20:**  Have there been any communications between GMAC

21  and GM regarding the repurchase and or redistribution of Hiatt Pontiac new vehicle inventory? If

22  the answer is yes, please identify all persons involved and all documents relating to such

23  communications.

24  **ANSWER:**

25  Yes.

26  **REQUEST FOR PRODUCTION NO. 25:**  Please produce any and all documents

27  relating to any agreements or actions between GMAC and GM or its affiliates regarding the

28  repurchase or redistribution of Hiatt Pontiac new inventory from GMAC.

- 22 -

**RESPONSE:**

GMAC will produce all responsive documents within its possession, custody or control that have not previously been produced by either party.

**INTERROGATORY NO. 21:** Have there been any communications between GMAC and GM regarding Hiatt Pontiac's open account with GM? If the answer is yes, please identify all persons and all documents relating to such communications.

**ANSWER:**

Yes.

**REQUEST FOR PRODUCTION NO. 26:** Please produce any and all documents relating to communications between GMAC and GM regarding Hiatt Pontiac's open account with GM.

**RESPONSE:**

GMAC will produce all responsive documents within its possession, custody or control that have not previously been produced by either party.

**INTERROGATORY NO. 22:** Have there been any communications between GMAC and GM regarding Hiatt Pontiac's termination parts return with GM? If the answer is yes, please identify all persons involved and all documents relating to such communications.

**ANSWER:**

Yes.

**REQUEST FOR PRODUCTION NO. 27:** Please produce any and all documents, relating to communication between GMAC and GM regarding Hiatt Pontiac's termination parts return with GM.

**RESPONSE:**

GMAC will produce all responsive documents within its possession, custody or control that have not previously been produced by either party.

**INTERROGATORY NO. 23:** Have there been any communications between GMAC and GM regarding GM's channeling goals to reduce and or combine GM dealers in the United States? If the answer is yes, please identify all persons involved and identify related documents.

- 23 -

**ANSWER:**

No.

**REQUEST FOR PRODUCTION NO. 28:**  Please produce any and all documents, relating to communication between GMAC and GM regarding GM's channeling goals to reduce and or combine GM dealers in the United States?

**RESPONSE:**

N/A

**INTERROGATORY NO. 24:**  Have there been any communications internally by GMAC concerning Hiatt Pontiac from January 2006 to the present? If the answer is yes, please identify all persons involved and identify all related documents.

**ANSWER:**

GMAC objects to this interrogatory because it is vague, ambiguous, overbroad, and burdensome.  GMAC further objects that to the extent the interrogatory seeks the identification of all internal communications within the past 4 years about Hiatt Pontiac, regardless of the subject matter, the interrogatory is not tailored to lead to the discovery of information relevant to any party's claim or defense.

**REQUEST FOR PRODUCTION NO. 28:**  Please produce any and all GMAC internal communication documents concerning Hiatt Pontiac from January 2006 to present.

- 24 -

1

2    **RESPONSE:**

3    GMAC objects to this request for production because it is vague, ambiguous, overbroad,

     and burdensome.  GMAC further objects that to the extent the request for production seeks the

4    identification of all internal communications within the past 4 years about Hiatt Pontiac,

5    regardless of the subject matter, the request is not tailored to lead to the discovery of information

6    relevant to any party's claim or defense.

7

8    DATED:   July _31_ , 2009

9                                                SEVERSON & WERSON
                                                 A Professional Corporation
10

11                                               By: _____
                                                       Mark I. Wraight
12
                                                 Attorneys for Plaintiff/Counter-Defendant
13                                               GMAC LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07462/0288/748768.1                              Responses to Interrogatories and Requests for Production
                                                 Case No.: C08-5707 RJB

1

**VERIFICATION**

2

3     I, _Dan Rice_, am the _Director_                    for

4     GMAC LLC, the plaintiff and counter-defendant in this matter, and I am authorized to make this

5     verification on its behalf.

6          I have read the foregoing document entitled "GMAC'S RESPONSES TO HIATT

7     PONTIAC GMC'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF

8     DOCUMENTS," and know its contents. I am informed and believe that the matters stated in

9     response to the interrogatories are true.

10         I declare under penalty of perjury under the laws of the United States of America that the

11    foregoing is true and correct and that this verification was executed on July _3 1_ , 2009, in

12    _Plano_                    , Texas.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07462/0288/748768.1

1

### CERTIFICATE OF SERVICE
*GMAC LLC v. Hiatt Pontiac GMC Truck Inc., et al.*

2

USDC – Western District of Washington Tacoma Court Case No. C08-5707 RJB

3

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson &

4

Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

5

On the date below I served a copy, with all exhibits, of the following document(s):

6

### GMAC'S RESPONSES TO HIATT PONTIAC GMC'S FIRST

7

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

8

on all interested parties in said case addressed as follows:

9

Stephanie B. Bloomfield, Esq.
Victor J. Torres, Esq.
**Gordon, Thomas, Honeywell, Malanca,**

10

**Peterson & Daheim LLP**
1201 Pacific Avenue, Suite 2100

11

P.O. Box 1157
Tacoma, WA 98401-1157

12

*Attorneys for Defendant*
*Hiatt Pontiac GMC Truck, Inc., Stephen A.*
*Hiatt, Stephen M. Hiatt, Carol Hiatt, and*
*Thea Hiatt.*
Tel:  (253) 620-6500
Fax:  (253) 620-6565

13

Brian M. Born, Esq.
**Turnbull & Born PLLC**

14

Commerce Building, Suite 1050
950 Pacific Avenue

15

Tacoma, WA 98402

16

☒ **(BY MAIL)**  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing

17

correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in

18

San Francisco, California in sealed envelopes with postage fully prepaid.

19

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of

20

this Court at whose direction the service was made.  This declaration is executed in San Francisco, California, on July 31, 2009.

21

22

*Kimberley Byars*
Kimberley Byars

23

24

25

26

27

28

# EXHIBIT 4

Issued by the

# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GMAC LLC,                     Plaintiff,

v.                                                    **SUBPOENA IN A CIVIL CASE**

HIATT PONTIAC TRUCK GMC, INC. et al
Defendant(s).                              Case Number C08-5707 RJB

**TO:**  General Motors Company
Registered Agent: CT Corporation System
1801 West Bay Drive NW, #206
Olympia, WA 98502

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Any and all repurchase agreements between GM and GMAC in effect in 2008 that applied to GM's repurchase of vehicles from Hiatt Pontiac GMC in 2008;
Any and all communications between GM and GMAC regarding Hiatt Pontiac in 2008;
Any and all communications between GM and Hiatt Pontiac in 2008; and.
Any and all communications between GM and GMAC re channeling of brands in Tacoma/Pierce County.

| PLACE | DATE AND TIME |
|---|---|
| Gordon Thomas Honeywell LLP<br>1201 Pacific Ave, Suite 2100,<br>Tacoma, WA 98402 | Friday, September 25, 2009<br>at 9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Stephanie Bloomfield* | 9/14/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephanie Bloomfield, WSBA #24251, Attorney for Defendants
1201 Pacific Ave., Suite 2100, Tacoma WA 98402    (253) 620-6514

[1450672 v1.doc]

**COPY**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE                                             SIGNATURE OF SERVER

                                                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)   Protection of Persons Subject to Subpoenas.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i)   fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.
(B) If a subpoena
(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   Duties in Responding to Subpoena.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

[1450672 v1.doc]

# EXHIBIT 5

 **Lisa J. Hoffman**
**Legal Assistant**
**General Motors Company**
**400 Renaissance Center**
**MC: 482-038-210**
**Detroit, MI 48265-4000**

Tel:  313/665-7569
Fax:  313/665-7572

RECEIVED

SEP 21 2009

September 18, 2009                                        *Via 2nd Day Delivery*

Stephanie Bloomfield, Esq.
Gordon Thomas Honewell, LLP
1201 Pacific Avenue, Suite 2100
Tacoma, WA  98402

Dear Ms. Bloomfield:

Re:   GMAC, LLC v Hiatt Pontiac GMC, Inc.
      Court Case No. C08-5707 RJB

This is in response to the subpoena received by General Motors Company on September 15, 2009 in the above matter.

Please be advised General Motors objects to the requests for the following reasons:

1. The requests are vague, overbroad and unduly burdensome to General Motors, a non-party to the subject litigation.

2. The requests require disclosure of privileged or other protected matter.

3. To the extent the documents are equally available from one of the parties to the litigation they should be produced by the parties rather than sought by GM.

4. To whatever degree the documents are not within the possession of any of the parties to the litigation, the burdens on General Motors to locate such documents that may exist, and copying and producing same, far outweigh any asserted value to any alleged issue.

Without waiving the objections and in an effort to cooperate with your discovery requests, please be advised that appropriate business unit personnel will conduct a search for responsive documents in areas where the documents are reasonably expected to be found in the usual course of business. If responsive documents are located, General Motors will make them available for your review.

September 18, 2009
Page 2

Please understand that it can take this Company at least 30 days to respond to a subpoena of this nature.

General Motors, as a non-party, is entitled to reasonable costs to search for and produce documents. GM charges 25 cents per page for those costs.

Enclosed is GM's Confidentiality Agreement. Please sign it, date it and return it to me.

Please call if you have any questions or concerns.

Thank you for your cooperation.

Sincerely,

Lisa J. Hoffman
Legal Assistant

Enclosure

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GMAC, LLC,

Case No.  C08-5707 RJB

Plaintiff,

vs.

HIATT PONTIAC GMC, INC., et al.

Defendants.

_____/

## CONFIDENTIALITY AGREEMENT

It is agreed by the undersigned, Stephanie Bloomfield, Esq., of the law firm of Gordon, Thomas, Honeywell, LLP, attorney for defendants, that the documents and information produced by General Motors shall be subject to confidentiality as follows:

1. The information and documents are not to be disseminated to any person, firm or entity outside the subject litigation.

2. All copies of the documents shall be identified as General Motors documents and returned to this office or destroyed at the conclusion of the subject litigation.  If the documents are destroyed, General Motors will be notified of the destruction.

3. The information contained in the General Motors documents will not be disclosed to any person, firm or entities that could seek to use the information to any competitive advantage in their business.

4. Any other person, firm or entity who, through legal process requests the General Motors documents, will be advised of this Confidentiality Agreement and of the necessity of agreeing to the terms of this Agreement.  If such person, firm or entity refuses to so agree, General Motors will be advised by the undersigned of such fact to enable General Motors to prevent the further dissemination of the documents.

DATED: _October   2_ 2009

_Stephanie Bloomfield_
Stephanie Bloomfield, Esq.

```
***********************
***  TX REPORT  ***
***********************

TRANSMISSION OK

TX/RX NO              0272
RECIPIENT ADDRESS     *6000000000913136657572
DESTINATION ID
ST. TIME              10/02 08:08
TIME USE              00'23
PAGES SENT            2
RESULT                OK
```



# GORDON THOMAS HONEYWELL LLP

### TACOMA OFFICE

1201 Pacific Ave., Suite 2100
Post Office Box 1157
Tacoma, Washington 98401-1157

Telephone: (253) 620-6500
Facsimile: (253) 620-6565

Date: October 2, 2009

| Send To: | Company | Fax | Telephone |
|----------|---------|-----|-----------|
| Lisa J. Hoffman | GM | 313-665-7572 | |

FROM: Stephanie Bloomfield

Client Number:

Number of Pages (Including cover sheet): 2

| Return sent materials to: | Gina Mitchell | Ext. 6498 | Floor 21 |
|---------------------------|---------------|-----------|----------|

**WARNING:** Unless otherwise indicated, the information contained in this facsimile message is information protected by the Attorney-Client and/or Attorney-Work Product Privileges. It is intended only for the individual named above, and the privileges are not waived by virtue of this having been sent by facsimile. If the reader of this facsimile, or the employee or agent responsible to deliver it to the named recipient, is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. We will promptly reimburse you for the telephone and postage expense.

**MESSAGE: Ms. Hoffman, attached is the signed confidentiality agreement. The original will be mailed to you.**

GAM:gam

# EXHIBIT 6



GORDON THOMAS HONEYWELL LLP

Stephanie Bloomfield
Direct: (253) 620-6514
E-mail: sbloomfield@gth-law.com

November 2, 2009

TRANSMITTED VIA FACSIMILE
FOLLOWED BY REGULAR MAIL
(313) 665-7572

Lisa J. Hoffman
General Motors Company
400 Renaissance Center, MC 482-038-210
Detroit, MI 48265-4000

Re:     GMAC LLC v. Hiatt Pontiac GMC, Inc.
        USDC Cause No. C08-5707 RJB

Dear Ms. Hoffman:

General Motors has failed to respond to a properly served subpoena. You had requested thirty days to respond and demanded execution of a confidentiality agreement. While the confidentiality agreement was promptly returned, General Motors has failed to produce responsive materials. Please produce these to me no later than Thursday, November 5, 2009 or we will be filing a motion for contempt.

Very truly yours,

Stephanie Bloomfield

SB:gam

Reply to:
Tacoma Office
1201 Pacific Ave., Suite 2100     (253) 620-6500
Tacoma, WA 98402                  (253) 620-6565 (fax)

Seattle Office
600 University, Suite 2100     (206) 676-7500
Seattle, WA 98101              (206) 676-7575 (fax)

Law Offices | www.gth-law.com                          [1453981 v1.doc]

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO              0377
RECIPIENT ADDRESS     *6249930000491313665757572
DESTINATION ID
ST. TIME              11/02 17:01
TIME USE              00'19
PAGES SENT            2
RESULT                OK
```



**GORDON THOMAS HONEYWELL**LLP

### TACOMA OFFICE

1201 Pacific Ave., Suite 2100
Post Office Box 1157
Tacoma, Washington 98401-1157

Telephone: (253) 620-6500
Facsimile: (253) 620-6565

Date: November 2, 2009

| Send To: | Company | Fax | Telephone |
|----------|---------|-----|-----------|
| Lisa J. Hoffman | GM | (313)-665-7572 | |

FROM: Stephanie Bloomfield

Client Number:

Number of Pages (including cover sheet): 2

| Return sent materials to: | Gina Mitchell | Ext. 6498 | Floor 21 |
|---------------------------|---------------|-----------|----------|

**WARNING:** Unless otherwise indicated, the information contained in this facsimile message is information protected by the Attorney-Client and/or Attorney-Work Product Privileges. It is intended only for the individual named above, and the privileges are not waived by virtue of this having been sent by facsimile. If the reader of this facsimile, or the employee or agent responsible to deliver it to the named recipient, is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. We will promptly reimburse you for the telephone and postage expense.

**MESSAGE:** Letter regarding failure to comply with subpoena.

GAM:gam

# EXHIBIT 7

## Bloomfield, Stephanie L.

| | |
|---|---|
| **From:** | Bloomfield, Stephanie L. |
| **Sent:** | Tuesday, November 03, 2009 8:49 AM |
| **To:** | 'Mark I. Wraight' |
| **Subject:** | Discovery Issues Following our CR 26 Conference Friday |

Dear Mark:

In following up on our discovery conference Friday on the specific areas where I raised issues with deficiencies in GMAC's responses, I have outlined the issues and your responses briefly below. Where issues remain I have so noted in **bold**.

Issue: Omitted/Ignored Answer to Interrogatories No. 2 and No. 3 and Request for Production No. 1 Propounded by Steven M. Hiatt.

GMAC Response: The same answers would be given in response to Steven M. Hiatt's inquiries as GMAC provided in response to Stephen A. Hiatt's Interrogatories No. 5 and No. 6.

Resolution: We will accept the incorporation of GMAC's responses to Stephen A Hiatt Interrogatories No. 5 and No. 6.

Issue: Lack of response to Hiatt Pontiac Interrogatory Nos. 11 and 12 I agreed to narrow the scope of these requests to actions by GMAC to enforce paragraph 4 of the Wholesale Security Agreement.

GMAC Response: The inquiry was unduly burdensome in light of the marginal relevant information that might be revealed. GMAC's view is that the contract interpretation dispute is a legal issue and any extrinsic evidence would relate to Hiatt Pontiac and GMAC's course of dealings.

Resolution: Based upon your representation and agreement that GMAC's actions with respect to disputes or litigation with dealers other than Hiatt Pontiac is not relevant here, and will not be introduced via testimony or evidence at trial, then we will not pursue this inquiry. However, to the extent GMAC intends to rely on Halcovich's "course of dealing" with other dealers in the industry of offer opinions about WSA's in any other situation than Hiatt Pontiac's, then GMAC needs to produce the requested information.

Issue: Vague response re Hiatt Pontiac Interrogatory Nos. 20 and 22 and Requests for Production Nos. 25 and 26 seeking information about the identity of persons who were involved in communications between GMAC and GM re Hiatt inventory and open accounts. Incomplete production of documents.

GMAC Response: The documents were produced and reference to GMAC/Hiatt 11755-11975 will identify the participants.

**Resolution: Unresolved. At a minimum any agreements or arrangements between GM and GMAC relating to GM's repurchase of Hiatt's inventory should have been produced. This information is critical to responding to GMAC's summary judgment motion on the Hiatt Pontiac counterclaims.**

Issue: Lack of response to Hiatt Pontiac Interrogatory No. 24 and Request for Production No. 28 seeking information about GMAC internal communications re Hiatt Pontiac from 2006-2008 and are directly relevant to the claims and counterclaims in this litigation.

GMAC Response: The identities are provided in the responsive documents that were produced – these are in the 11755-11975 range. GMAC counsel acknowledges that he did not produce every communication, but decided which were relevant and produced those.

Resolution: Unresolved. GMAC must make a diligent inquiry of all Hiatt files and involved person and produce all documents, emails, notes relating to communications with Hiatt Pontiac, information relating to the pulling of the flooring lines in August 2008, the communications relating to both audits in 2008 and GMAC's threats to close down Hiatt Pontiac if a personal guarantee and additional security were not provided. There are essentially no documents from February 2008 - August 2008 in your production. GMAC audited Hiatt Pontiac in April 2008. An Administrative Review would have begun in July 2008 (just as was done in 2007). Don Rice had some documents or communication that caused him to contact Hiatt re the additional security demands. This information is critical to responding to GMAC's pending motion. Discovery is not a process that involves the opposing counsel or opposing party deciding what they believe is relevant and producing only a self-selected subset of information. Additional missing documents include:

1. Any internal letters like GMAC 08511 (Paul to DCL 7/25/2007) Where are internal communications from Rodgness and others to DCL and other including Sheldon in 2008?

2. Notes/emails from control office to field personnel like GMAC 08518-28 (5/6/2006) there should also be similar communications between Moffitt. Jerry Vick and Ramona Salavaea.

3. The 2008 administrative review has not been produced (2007 version at 08877-982)

4. No April 2008 Audit Documents were produced

5. Documents relating to Don Rice and other GMAC personnel communications with GM Dealer Development (Gentry and others)

6. Don Rice documents, communications between with Constantine, Rodgness, and Smith re Hiatt.

7. Documents relating to any meetings or communications Vick had with Hiatt or Hiatt Pontiac.

8. All communications and instructions to/from field personnel concerning audit of Hiatt in 8/2008

There is an absolute dearth of information between February 2008 and August 2008 that must be immediately produced. Because of the timing of this matter I will be filing a motion to compel and a CR 56(f) motion today. If you can promptly provide this information I will strike the motion.

**Stephanie Bloomfield**
Attorney at Law

GORDON THOMAS HONEYWELL..

1201 Pacific Avenue, Suite 2100

11/3/2009

Tacoma, Washington 98402
T 253 620 6514
F 253 620 6565
http://www.gth-law.com

NOTICE: The information contained in this e-mail communication is confidential and may be protected by the attorney/client or work product privileges. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this email in error and delete the copy you received. Thank you.